# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

ALTISOURCE RESIDENTIAL, LP,

    Plaintiff,

v.

BRITTANY L. NEWKIRK,

    Defendant.

1:17-cv-02523-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Walter E. Johnson's Final Report and Recommendation [3] ("R&R"), which recommends remanding this dispossessory action to the Magistrate court of Fulton County, Georgia.

## I. BACKGROUND

On June 13, 2017, Plaintiff Altisource Residential, LP ("Plaintiff") filed, in the Magistrate Court of Fulton County, Georgia,[1] a dispossessory proceeding against its tenant, Defendant Brittany L. Newkirk ("Defendant").[2] The

---

[1] No. 17ED036534

[2] This case is brought against Brittany L. Newkirk "and all other occupants." Brittany Newkirk filed the Notice of Removal, did not identify "other occupant" defendants and the Court considers Newkirk as the sole defendant in this action.

dispossessory proceeding seeks possession of the premises occupied by Defendant, and past due rent, fees and costs.

On July 5, 2017, Defendant, proceeding *pro se*, removed the Fulton County dispossessory action to this Court by filing a Notice of Removal [2] and an application to proceed *in forma pauperis* [1] ("IFP").  Defendant appears to assert, in the removal petition, that the district court has federal question jurisdiction over this matter, as well as jurisdiction under various federal statutes.  (Notice of Removal [2] at 1).

On July 7, 2017, Magistrate Judge Johnson granted Defendant's application to proceed IFP.  The Magistrate Judge then considered, *sua sponte*, whether there is federal subject matter jurisdiction over the action removed.  The "Complaint," in this case, asserts a state court dispossessory claim.  In order for Defendant to establish federal question jurisdiction, a federal question must be stated in the well-pleaded complaint.  The Magistrate Judge found that, in this action, there was no federal question.  The Magistrate Judge found further that removal, under 28 U.S.C. § 1441, is not procedurally proper because Defendant is a citizen of Georgia, the state in which this action was originally filed.  See 28 U.S.C. § 1441(b)(2).  The Magistrate Judge concluded that there is no federal jurisdiction over this action and recommended that the Court remand the case to the Magistrate

Court of Fulton County. (R&R [3] at 3).

There are no objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendation to which objection have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). In this case there are no objections and the Court reviews the R&R for plain error.

### B. Analysis

The Magistrate Judge found that Plaintiff's Complaint does not present a federal question. It is well-settled that federal question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded

complaint and that assertion of defenses or counter claims based on federal law cannot confer federal question jurisdiction over a cause of action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). Defendant, in the Notice of Removal [2], "specifically complains on matters which go to related federal questions," listing 28 U.S.C. § 1331, 28 U.S.C. § 1367, 28 U.S.C. § 1441, as well as other federal authorities. (Notice of Removal [3] at 5). The federal issues raised, here, by the Defendant are defenses or counterclaims to the dispossessory action and therefore are not a basis for removal based on the presence of a federal question.

Although not alleged in the Notice of Removal, the Court also concludes that diversity jurisdiction is not present in this action. Diversity jurisdiction exists over suits between citizens of different states where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). The Defendant here does not, in the Notice of Removal, state the citizenship of either party and does not allege facts to establish diversity jurisdiction.[3] Even if complete diversity was alleged, the

---

[3] Defendant lists herself as "citizen of this state" and lists the Plaintiff as "incorporated or principal place of business in this state." (Civil Cover Sheet [2.1]). The Court notes that, based on the Civil Cover Sheet, it appears that both parties are citizens of the same state and diversity jurisdiction would be improper.

amount-in-controversy requirement is not met. "[A] claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for the purposes of determining the amount in controversy." Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d. 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 858 (11th Cir. 2002); cf. Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement."). Removal based on diversity of citizenship is not available in this case.

The Court lacks both federal question and diversity jurisdiction and this action is required to be remanded to the Fulton County Magistrate Court. See 28 U.S.C. § 1447(c) ("If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

---

See U.S.C. § 1332(a). Removal to the district court, in this action, is procedurally improper as Defendant is a citizen of the state in which the action was originally brought. See 28 U.S.C. § 1441(b)(2).

5

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Walter E. Johnson's Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Fulton County, Georgia.

**SO ORDERED** this 8th day of August, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE